IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL E. FULKERSON,<br><br>                    Petitioner,<br><br>        vs.<br><br>PETE RICKETTS, Governor; NEBRASKA STATE PATROL, SOR; and DAWSON COUNTY SHERIFF,<br><br>                    Respondents. | 4:22CV3162<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Michael E. Fulkerson's ("Fulkerson") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Filing No. 1. The Court conducts this review under Rule 4 of the *Rules Governing § 2254 Cases in the United States District Courts*, which is applicable to § 2241 petitions pursuant to Rule 1(b). *See also* 28 U.S.C. § 2243. For the reasons set forth below, the Court will dismiss the petition without prejudice for lack of subject matter jurisdiction.

Fulkerson is an "American Citizen" residing in Gothenburg, Nebraska. Filing No. 1 at 1, 4. Fulkerson names Governor Pete Ricketts, the Nebraska State Patrol Sex Offender Registry, and the Dawson County Sheriff as Respondents and asserts that he "is being restrained of his liberty in violation of the Laws and Constitution of the United States by Respondents by being on the Sex Offender Registry." *Id.* at 1. Fulkerson alleges that his placement on the Sex Offender Registry constitutes double punishment and violates double jeopardy, violates the "Hate Crimes Prevention Act," and is ostracizing and discriminatory. *Id.* As relief, Fulkerson asks the Court to determine whether "the Sex Offender Registry is double punishment and double jeopardy" and

"completely abolish the Sex Offender Registry" and the requirement that registrants must provide their internet passwords to the Sheriff. Id. at 2–3.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3)). The habeas custody requirement "is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty," such as parole or release on one's own recognizance. Hensley v. Mun. Court, San Jose-Milpitas Judicial Dist., Santa Clara, 411 U.S. 345, 351 (1973) (release on own recognizance constitutes custody because, among other things, petitioner is subject to "restraints not shared by the public generally," the obligation to appear at times and places ordered by a court, and because "[h]is freedom of movement rests in the hands of state judicial officers" (internal quotation marks omitted)); *see also* Jones v. Cunningham, 371 U.S. 236, 241–43 (1963) (prisoner who is on parole is "in custody"). "Custody is tested at the time of filing the petition." Weaver v. Pung, 925 F.2d 1097, 1099 (8th Cir. 1991), *cert. denied*, 502 U.S. 828 (1991). Also, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492.

Here, Fulkerson specifically alleges that he fully served his prison sentence and has "done the time." Filing No. 1 at 2. "A person whose sentence has fully expired at the time his petition is filed can not satisfy the custody requirement." Weaver, 925 F.2d at

2

1099; accord *Garlotte v. Fordice*, 515 U.S. 39, 48 (1995) ("[T]he habeas statute does not permit prisoners to challenge expired convictions.")

In recognition that he is not presently confined, Fulkerson contends that he is "in custody" by being on the Sex Offender Registry. Filing No. 1 at 1. However, "the Court has previously concluded that 'registration as a sex offender, and the potential for future incarceration for failure to do so, does not satisfy the "in custody" requirement for habeas relief.'" *Holmes v. Nebraska*, No. 8:21CV159, 2021 WL 3663872, at *1 (D. Neb. July 9, 2021) (quoting *Hansen v. Marr*, 594 F. Supp. 2d 1097, 1100-01 (D. Neb. 2009)).

> In reaching that conclusion in *Hansen*, the Court joined the vast majority of courts to have considered this issue. [*Hansen*, 594 F. Supp. 2d] at 1100; see also *Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1074 (10th Cir. 2014) (joining "the circuits uniformly holding that the requirement to register under state sex-offender registration statutes does not satisfy § 2254's condition that the petitioner be 'in custody' at the time he files a habeas petition"); *Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008) (collecting cases). While the Eighth Circuit has not yet considered this question, the Court sees no reason to think it would require this Court to chart a different course under the facts of this case.

*Holmes*, 2021 WL 3663872, at *1.

Because Fulkerson "suffers no restriction on freedom of movement merely because he must now register as a sex offender," *Hansen*, 594 F. Supp. 2d at 1101, the Court finds he is not "in custody" as a result of his requirement to register as a sex offender and his petition must, therefore, be dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner Michael E. Fulkerson's habeas petition, Filing No. 1, is dismissed without prejudice for lack of jurisdiction.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3

Dated this 3rd day of January, 2023.

BY THE COURT:

*Joseph F. Bataillon*
Joseph F. Bataillon
Senior United States District Judge

4